Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MARY COLE, Dependent Mother, Respondent, for Compensation under the Workmen's Compensation Law for the Death of Her Son, WALTER COLE, *v.* FLEISCHMANN MANUFACTURING COMPANY, Employer, and ROYAL INDEMNITY COMPANY, Insurance Carrier, Appellants.

Third Department, November 12, 1919.

**Workmen's Compensation Law — death of employee while acting as associate member of volunteer fire company — when death does not occur in course of employment — presumption as to whereabouts of employee after hours of labor.**

Where an employee who was an associate member of a volunteer fire department of a village, ceased working at twenty minutes after eleven o'clock in the evening and was killed nearly four hours afterwards while assisting

the fire department to which he belonged to extinguish a fire on his employer's premises which broke out twenty minutes after he stopped work, it will be presumed that he left the premises before the fire occurred, if it would only have taken him five minutes to do so, there being no proof whatever as to his whereabouts between the time he stopped work and the time when he was killed.

The employer of the decedent is not liable to make compensation for his death under the statute where there is no proof whatever that he requested the decedent to aid in extinguishing the fire and the latter did so only as an associate member of the fire department, even though as an associate his services rendered to the department were voluntary. Under the circumstances, the accident did not arise out of or in the course of the decedent's employment, nor was it incidental thereto.

*It seems,* that if the deceased had acted as a fireman pursuant to a request of his employer, with the acquiescence of the chief of the fire department, a different question would be presented.

JOHN M. KELLOGG, P. J., dissented.

APPEAL by the defendants, Fleischmann Manufacturing Company and another, from a decision and award of the State Industrial Commission, made on the 28th day of April, 1919, and entered in the office of said Commission.

*Frank J. O' Neill [Barnett Cohen* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General *[E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, J.:

Walter Cole, the deceased employee, ceased working at twenty minutes after eleven o'clock in the evening. Twenty minutes thereafter a fire broke out in one of the buildings of the employer's plant and burned all night. About four o'clock in the morning Cole was assisting other firemen to extinguish the fire when the walls of the building collapsed and he was buried thereunder and killed. Compensation has been awarded to his mother and is resisted on the ground that the accident did not arise out of or in the course of the employment.

The Commission has made inconsistent findings. It has found that Cole did not leave the premises of the employer after he ceased his usual employment on the night in question. It also adopts as part of its findings the facts stated in the opinion of the Commission. In such opinion it is stated that it cannot be definitely ascertained whether or not the

fire was discovered before the deceased left the premises and that it must be assumed that he was either on the premises or not far therefrom when the fire was discovered. The evidence, however, is absolutely silent as to the whereabouts of Cole intermediate the time when he stopped work and the time when he was killed, more than four hours thereafter. The evidence shows conclusively that it did not require more than five minutes for him to leave the premises after he stopped working. The only permissible inference is that he had left the premises before the fire occurred and no inference can be drawn as to when he returned before four o'clock on the following morning.

Cole was an associate member of a volunteer fire department in the village of Peekskill where the fire occurred. When a vacancy occurred in the active membership of the department it was filled by one of the associate members. Associate membership conferred certain privileges but did not involve the obligation of responding to alarms of fire. Such members, however, frequently did render voluntary assistance in fighting fires and their usefulness in that particular enhanced the probabilities of their appointment to active membership when vacancies occurred in the latter body. It appears that after the death of Cole the village paid the sum of $1,500 under section 205 of the General Municipal Law (as amd. by Laws of 1914, chap. 400), which provides for such payment in the case of an active member of a volunteer fire company who " dies from injuries incurred while in the performance of his duties as such fireman." As stated, Cole was not an " active " member of the company but the village recognized the fact that he was performing the duties of an active member and acknowledged its liability accordingly.

Reliance is placed by the respondent on the case of *Matter of Grieb* v. *Hammerle* (222 N. Y. 382). In that case emphasis is given to the fact that the employer specially requested the particular service which the employee was rendering out of his regular working hours at the time when he was injured and which was of the same nature he was accustomed to perform for his employer. Here there was no request. The employer was not at liberty to make such a request nor to accept or reject the services of any person in extinguishing the fire when

Cole met his death.   Operations at the fire were under the control of the chief engineer of the village fire department. He alone had the power to give orders.   He was not subject to interference even by the owner of the property.   He so testified at the hearing before the Commission.   Independently of his testimony such is the law.   (Laws of 1859, chap. 62, §§ 23, 24; Laws of 1883, chap. 117, tit. 6, §§ 2, 4; Village Law, § 208; Penal Law, § 1901.)   The case cited, therefore, has no application.

It seems to me that the accident to Cole did not arise out of or in the course of his employment nor was it incidental thereto.   The accident occurred while he was rendering services as a fireman and while he was subject to the control and direction of the chief engineer of the fire department and not of his employer.   The fact that the fire occurred on the premises of his employer was a coincidence. If it had occurred elsewhere the legal aspect of the case would not be different.   Cole may have responded more willingly because the fire was on his employer's premises.   It is impossible to determine whether he did or not.   It is immaterial. No duty required him to act.   No request to do so came from his employer.   His allegiance and duty were to the organization with which he was acting, and to the orders, direction and control of its chief engineer alone he was subject.

We do not hold that if the deceased pursuant to a request of his employer had acted as a fireman with the acquiescence of the chief engineer of the fire department and subject to his orders liability would not exist on the part of the appellants. But such request by the employer was not expressed and the circumstances clearly are not such as to justify an inference of an implied request even assuming that an implied request would create liability against the appellants.

It appears furthermore that the employer paid the family of the deceased $1,000 after the accident, which was not considered in making the award.   But independently of that fact for the reasons heretofore stated the claim should be dismissed.

All concurred, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and claim dismissed.